```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DIONTE PURNELL, WALTER HYDE, VANCE WHITE, and ANTWON ARMSTRONG,

    Defendants.

Case No. 13 CR 767

Judge Harry D. Leinenweber

### MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Vance White's and Dionte Purnell's Motions to Dismiss the aggravated identity theft counts of the superseding indictment (the "Indictment") [ECF Nos. 77 & 79], and Defendant Walter Hyde's Motion to Adopt all relevant pre-trial motions filed by his co-defendants [ECF No. 82]. Hyde's Motion to Adopt is granted. However, for the reasons stated herein, the Motions to Dismiss the Indictment are denied.

### I. BACKGROUND

The Indictment describes a scheme to defraud in which Defendants allegedly obtained checking account numbers from retail stores, which they then used to create counterfeit checks. (ECF No. 34, at 2-6.) According to the Indictment,

Defendants contacted various retail stores, falsely representing that they were calling on behalf of the store's check processing company. (*Id.* at 4.) Defendants informed the stores that their check processing equipment was malfunctioning, and therefore, the stores would need to provide Defendants' with customer bank account information contained on recent checks. Counts One through Seven of the Indictment charge Defendants with wire fraud under 18 U.S.C. § 1343. Counts Eight through Ten charge Defendants Purnell, Hyde, and White, respectively, with aggravated identity theft under 18 U.S.C. § 1028A(a)(1).

## II. ANALYSIS

The aggravated identity theft statute prohibits the knowing transfer, possession, or use of "a means of identification of another person" during and in relation to certain felonies, including wire fraud. 18 U.S.C. § 1028A(a)(1), (c)(5). A "means of identification" is defined as:

> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any . . . (A) name . . . (C) unique electronic identification number, address, or routing code; or (D) telecommunication identifying information or access device (as defined in section 1029(e)) . . ..

18 U.S.C. § 1028(d)(7)(A), (C)-(D). Section 1029(e)(1) defines an access device to include account numbers and other means of account access that can be used to obtain money or initiate a

transfer of funds, "other than a transfer originated solely by paper instrument."

Defendants argue that the Indictment should be dismissed because a checking account number does not constitute a "means of identification" for three reasons. First, Defendants argue that a checking account number is not a means of identification because § 1029(e)(1) excludes paper instruments from the definition of an access device. The Government argues that Defendants overlook the plain language of § 1028(d)(7)(C), which states that "means of identification" also includes a "unique electronic identification number, address, or routing code."

The Seventh Circuit has not yet reached the issue of whether a checking account number constitutes a means of identification under the aggravated identity theft statute. Accordingly, the Government relies on a Ninth Circuit case, *United States v. Alexander,* 725 F.3d 1117 (9th Cir. 2013), which reached this exact question. Alexander, a newspaper deliverer, stole mail containing checks from residences along his route. *Id.* at 1118. Alexander used the stolen checks to create counterfeit checks, which he then used, in conjunction with a fake ID, to make purchases. *Id.*

Alexander raised the same argument that Defendants raise here: "[B]ecause the term 'access device' is defined . . . as excluding paper checks . . . the names and numbers on his

counterfeit check were, as a matter of law, not a 'means of argument, explaining that because subsections (A) through (D) of § 1028(d)(7) are preceded by the word "including" and connected by the disjunctive "or," no single subsection controls the definition of a "means of identification." *Id.* at 1119–20. Thus, even if a paper check is not an "access device," it can still be a "means of identification." *Id.* at 1120. The court found that a forged check containing a victim's name, bank account number, and routing number fit "plainly and comfortably" within the specific language of § 1028(d)(7)(A) ("name") and (C) ("routing code"). *Id.* at 1121.

Given the plain language of the statute — specifically, the words "including any" that precede subsections (A) through (D), and the word "or" that connects these subsections — the Court adopts the Ninth Circuit's reasoning. Even if a paper check is not an access device under subsection (D) because of the paper instrument exclusion, it may readily qualify as a "means of identification" under any one of the other subsections. Here, Defendants' alleged use of a checking account number fits neatly under § 1028(d)(7)(D) ("routing code").

Defendants' second argument is that counterfeit checks only constitute a means of identification when a defendant uses another person's name — something Defendants claim they did not do. Defendants maintain that they endorsed the checks with

- 4 -

fictitious names, not the names of the actual account holders. Defendants rely on several cases holding that forging another person's signature is the clear use of another person's "name," and thus, a "means of identification" under the aggravated identity theft statute. *See, e.g., United States v. Blixt,* 548 F.3d 882, 886 (9th Cir. 2008). However, none of the cases Defendants cite suggest that the use of an account number, on its own, is not a "means of identification." Indeed, such an interpretation would conflict with the plain language of § 1028(d)(7), which begins by stating that a "means of identification" is "any name or number that may be used, alone or in conjunction with any other information to identify a specific individual." Because the statute states that a number — specifically, a routing number — can be used on its own or along with other information to identify someone, the Court rejects Defendants' second argument.

Defendants' final argument is that aggravated identity theft requires account "access," which never occurred in this case. There was no access, Defendants claim, because the checks were intentionally "drawn on banks where the account did not exist." (Purnell Mem., ECF No. 79, at 2.) When a check was refused twenty-four hours after one of Defendants' purchases, it was "the retail store and perhaps the check verifying companies who lost the money." (*Id.* at 4.) Defendants' lack-of-access

- 5 -

argument rests on § 1029, which prohibits fraud in connection with access devices, and provides the definition of "access device" that the aggravated identity theft statute incorporates. However, in arguing that access is a required element of aggravated identity theft, Defendants do not cite the aggravated identity theft statute itself, or any cases interpreting it. Accordingly, the Court cannot conclude that account access is a required element of aggravated identity theft and rejects Defendants' argument.

### III. CONCLUSION

The Court grants Hyde's Motion to Adopt [ECF No. 82], and for reasons stated herein, denies Defendants White and Purnell's Motions to Dismiss the Indictment [ECF Nos. 77 & 79].

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 5/28/2015